# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP830-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John J. Pangallo, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>John J. Pangallo,<br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PANGALLO

| | |
|---|---|
| OPINION FILED: | December 22, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2022 WI 108**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP830-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John J. Pangallo, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**John J. Pangallo,**

      **Respondent.**

**FILED**

**DEC 22, 2022**

Sheila T. Reiff
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On May 17, 2022, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1] requesting this court suspend Attorney John J.

---

[1] SCR 22.22 provides:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the

(continued)

effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(continued)

Pangallo's license to practice law in Wisconsin for a period of three years, as reciprocal discipline identical to that imposed by the Supreme Court of Florida.

¶2 Attorney Pangallo and the OLR executed a stipulation, whereby Attorney Pangallo agrees that he should be suspended for a period of three years as discipline reciprocal to that imposed by the Supreme Court of Florida. Upon our review of the matter, we accept the stipulation and suspend Attorney Pangallo's license to practice law in Wisconsin for a period of three years. Because the parties were able to resolve this matter without the need for appointment of a referee, no costs will be imposed.

¶3 Attorney Pangallo was admitted to practice law in Wisconsin in 1992. His Wisconsin law license is currently suspended for failure to comply with continuing legal education reporting requirements and for failure to pay annual bar dues.

---

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

¶4 Attorney Pangallo is also admitted to practice law in Florida. On May 25, 2017, the Supreme Court of Florida suspended Attorney Pangallo's Florida law license for three years. The Florida court found that Attorney Pangallo had withdrawn trust account funds for his own purposes, including making payments to himself and third parties. The court found those acts violated Florida Rules of Professional Conduct with respect to trust accounts and safekeeping property. The Florida Court required Attorney Pangallo to complete specific continuing education courses, including a trust accounting class and ethics school, as well as serve three years of probation in the event his Florida license is reinstated.

¶5 Attorney Pangallo provided notice to the State Bar of Wisconsin of his Florida suspension, but he did not realize that was the incorrect disciplinary authority and that the OLR should have received notification. Accordingly, notice of his Florida suspension was not effective under SCR 22.22(1).

¶6 In its complaint, the OLR alleged that Attorney Pangallo is subject to reciprocal discipline and that, by failing to notify the OLR of his suspension in Florida for professional misconduct within 20 days of the effective date of its imposition, Attorney Pangallo violated SCR 22.22(1).

¶7 On September 7, 2022, Attorney Pangallo and the OLR filed a stipulation, agreeing that by virtue of his Florida suspension, Attorney Pangallo is subject to reciprocal discipline in Wisconsin. Attorney Pangallo agrees that it would be appropriate for this court to suspend his Wisconsin law

4

license for a period of three years. The parties state that the stipulation did not result from plea bargaining. Attorney Pangallo does not contest the facts and misconduct alleged by the OLR, and he agrees to the level of discipline sought by the OLR. Attorney Pangallo also represents and verifies that he fully understands the misconduct allegations; he fully understands the ramifications should this court impose the stipulated level of discipline; he fully understands his right to contest the matter; he fully understands his right to consult with and retain counsel; and he states that his entry into the stipulation is made knowingly and voluntarily. Attorney Pangallo also stipulates that he does not claim any of the potential defenses set forth in SCR 22.22(3)(a)-(c).

¶8 Upon our review of the matter, we accept the stipulation and impose a three-year suspension of Attorney Pangallo's Wisconsin law license, reciprocal to that imposed by the Supreme Court of Florida.

¶9 Because this matter was resolved by stipulation without the need for appointment of a referee, no costs are imposed.

¶10 IT IS ORDERED that the license of John J. Pangallo to practice law in Wisconsin is suspended for a period of three years, effective the date of this order.

¶11 IT IS FURTHER ORDERED that the administrative suspension of John J. Pangallo's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements,

5

will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, John J. Pangallo shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.